## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Gary Morrow,<br><br>                                    Plaintiff,<br><br>                      -v-<br><br>John Doe Sgt., Badge #2099; John Doe C.O., Badge #5342,<br><br>                             Defendants. | 2:25-cv-2364<br>(NJC) (AYS) |

### MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a Complaint filed by Gary Morrow ("Morrow"), acting pro se, against two unidentified corrections officers[1] alleged to work at the Suffolk County Correctional Facility's Riverhead location (together, "Defendants") and Morrow's motion to proceed in forma pauperis ("IFP"). (Compl., ECF No. 1; IFP Mot., ECF No. 4.) Upon review of Morrow's submissions, the Court grants the IFP motion and dismisses the Complaint without prejudice as set forth below pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii), 1915A(b)(1).

### BACKGROUND

Morrow commenced this action on April 28, 2025 by filing a Complaint against the Defendants using the Court's complaint form for civil rights violations. (Compl.) However, Morrow did not pay the filing fee nor did he file a motion to proceed IFP. Accordingly, by Notice of Deficiency dated April 29, 2025, Morrow was instructed to complete and return the enclosed IFP application and Prisoner Litigation Authorization form or to remit the filing fee

---

[1] Morrow names these individuals as: "John Doe Sgt. Badge #5342" and "John Doe Correction Officer Badge #2099". (Compl. ¶ III.B, ECF No. 1.)

within fourteen days. (Not. of Def., ECF No. 3.) On May 12, 2025, Morrow timely filed a

motion to proceed IFP and the Prisoner Litigation Authorization form. (IFP Mot.; PLA, ECF No.

5.)

     **I.**    **The Complaint[2]**

     Morrow's claim against the Defendants is brought pursuant to 42 U.S.C. § 1983

("Section 1983") and seeks to challenge the absence of his dinner meal on a single occasion.

(Compl. ¶ II.A.) More specifically, Morrow's brief "Statement of Claim" alleges, in its entirety:

> On 3/16/25 at or about 4:00 pm dinner time at SCCF I didn't receive my halal tray
> or any tray. I asked the C.O. Badge #2099 about my tray and its whereabouts, he
> then went and got the Sgt. Badge #5342. I told him that I didn't recieve my meal,
> he told me that he'll make sure it will come with the Ramadan meals even though
> I wasn't participating in Ramadan. The Ramadan meals come and again no meal
> for me. The Sgt. Badge #5342 said its his fault but there is nothing he could do. I
> wasn't fed at all until the next day, when I'm entitled to 3 meals a day and wasn't
> provided 3 meals I was deprived my 3rd meal. Exhibit A see attachment.[3] (*Id.*

---

[2] Excerpts from the complaint have been reproduced here exactly as they appear in the original.
Errors in spelling, punctuation, and grammar have not been corrected or noted.

[3] This exhibit is a copy of Morrow's Inmate Grievance Form submitted on March 16, 2025
wherein he wrote:

> During chow (dinner-time) around 4:00 pm I did not recieve my dinner (Halal-
> tray). I asked the C.O. Badge #2099 about why I didn't recieve it. He then asked
> the Srgt. Badge #5342, and he said I did not receive my tray because I will receive
> it at night during (Ramadan's break-fast). When Ramadan trays came, they said
> there wasn't a tray for me. The Srgt. said its his fault and theres noting he could do
> about it. I was hungry from lunch time until the next morning.

(ECF No. 1 at 6.) In response, the Grievance Coordinator accepted the grievance after Morrow
provided the date of the challenged conduct and wrote:

> INMATE MORROW PROVIDED A DATE OF 03/16/25. INMATE DID NOT
> RECEIVE A HALAL DINNER MEAL ON THE DATE MENTIONED DUE TO
> A KITCHEN ERROR. CORRECTIVE ACTION WILL BE TAKEN
> IMMEDIATELY SHOULD THIS ISSUE HAPPEN AGAIN. INMATE
> MORROW WILL CONTINUE TO RECEIVE (3) MEALS PER DAY.

(*Id.* ¶ IV.) In the space on the form that calls for a description of injuries sustained as a result of the events alleged, Morrow alleges: "There were no physical injuries besides hunger and food deprivation without due process. My 8th and 14th Amendments were injured." (*Id.* ¶ IV.A.) For relief, Morrow seeks to recover a damages award in the sum of $50,000, and further seeks to "get what I'm entitled to meals medical and the right to practice my religion." (*Id.* ¶ V.)

## LEGAL STANDARDS

### I.    *In Forma Pauperis*

Upon review of Morrow's IFP motion, the Court finds that Morrow is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP (IFP Mot., ECF No. 4) is granted.

### I.    **Sufficiency of the Pleadings**

Where a plaintiff is proceeding IFP, 28 U.S.C. § 1915 instructs that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks omitted). "[A] *pro se* complaint, however inartfully

---

(*Id.*)

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."
*Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94
(2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial
plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The
plausibility standard requires "more than a sheer possibility that a defendant has acted
unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76
F.4th 130, 144 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 2682 (2024). "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the
assumption of truth." *Iqbal*, 556 U.S. at 678–79. While "detailed factual allegations" are not
required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the
elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The
factual allegations of a complaint must be sufficient to give the defendant "fair notice of what
the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

If a liberal reading of the complaint "gives any indication that a valid claim might be
stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99,
112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive
defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

### I. Section 1983 Claims

Morrow's claims are brought pursuant to Section 1983. (Compl. at 1.) Section 1983 provides redress for constitutional deprivations and provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-cv-441, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024) (noting that Section 1983 does not provide an independent source of substantive rights). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519.

Here, the Complaint does not allege a plausible Section 1983 claim because the absence of a single meal does not rise to the level of a constitutional deprivation.[4] *See, e.g., Jallow v.*

---

[4] Although Morrow does not allege whether he is detained pre-trial or is confined in prison, all "[p]risoners and detainees have constitutionally protected rights to receive humane conditions of confinement, including adequate food, clothing, shelter, medical care, and security." *Arroyo v. Nassau Cnty. Corr.*, No. 22-cv-5611, 2022 WL 16636774, at *3 (E.D.N.Y. Nov. 2, 2022) (quoting *McKoy v. Suffolk Cnty. Corr. Fac.*, No. 21-cv-1873, 2022 WL 1092385, at *2 (E.D.N.Y. Apr. 12, 2022)) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). If Morrow is detained pre-trial, he is entitled to the protections of the Fourteenth Amendment's due process clause; whereas, if he is serving a sentence in prison, he is protected by the Eighth Amendment's prohibition on cruel and unusual punishment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir.

5

*Geffner*, No. 23-cv-3969, 2024 WL 37073, at *14 (S.D.N.Y. Jan. 2, 2024) ("Courts in this Circuit have routinely held that an isolated denial of a meal 'does not give rise to a constitutional deprivation.'" (quoting *Rush v. Fischer*, 923 F. Supp. 2d 545, 555 (S.D.N.Y. 2013))). The standard for deliberate indifference under both amendments involves a two-pronged test that requires showing an "objective deprivation" with the requisite "mens rea," *Darnell*, 849 F.3d at 32, 35. To satisfy the first prong, often framed as the "objective prong," both amendments "require[] a showing that the challenged conditions were sufficiently serious such 'that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Volant v. Nassau Cnty.*, No. 2:24-cv-7882, 2025 WL 580367, at *3 (E.D.N.Y. Feb. 23, 2025) (quoting the discussion of Eighth and Fourteenth Amendment conditions of confinement claims in *Darnell*, 849 F.3d at 30). "There is no static test to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (internal quotation marks and citation omitted). The Second Circuit has held that the Constitution requires that prisoners be fed nutritionally adequate food and "under certain circumstances a *substantial* deprivation of food may well be recognized as being of constitutional dimension." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (emphasis added). In order to establish a claim that the denial of food constitutes a constitutional deprivation, a prisoner must establish that a "sufficiently serious condition" resulted from not receiving food. *Evans v. Albany Cnty. Corr. Fac.*, No. 9:05-cv-1400, 2009 WL 1401645, at *9 (N.D.N.Y. May 14, 2009) (citation and internal quotation marks omitted).

---

2017).

As for the mens rea prong, the Eighth Amendment requires a showing "that a prison official had the requisite 'culpable intent,' which is present if the official 'has knowledge that [a prisoner] faces a substantial risk of serious harm *and* he disregards that risk by failing to take reasonable measures to abate the harm.'" *Smith v. New York State,* No. 23-cv-6601, 2024 WL 4746554, at \*2 (2d Cir. Nov. 12, 2024) (summary order) (*quoting Hayes v. N.Y.C. Dep't of Corr.,* 84 F.3d 614, 620 (2d Cir. 1996)) (emphasis in original). As such, "mere negligence will not suffice." *Id.* By contrast, under the Fourteenth Amendment, the mens rea prong requires showing that the defendant-official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition . . . even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. "In other words, the . . . 'mens rea prong' . . . is defined objectively" under the Fourteenth Amendment. *Id.*

Here, the Complaint's allegations do not demonstrate that both prongs are met whether Morrow's conditions of confinement claim is brought under either the Eighth Amendment or the Fourteenth Amendment. Taking as true the allegation that on a single date Morrow was not served the dinner meal causing him to be hungry from lunch until breakfast the following morning, Morrow has not plausibly alleged that this circumstance posed an "unreasonable risk of serious damage to his health." *Darnell*, 849 F.3d at 30; *see also Cabassa v. Oshier,* No. 9:11-cv-01237, 2015 WL 5094802, at \*5 (N.D.N.Y. Aug. 28, 2015) (denial of a single meal fails to plausibly state an Eighth Amendment claim); *Hankerson v. Nassau Cnty. Corr. Fac.*, No. 12-cv-5282, 2012 WL 6055019, at \*4 (E.D.N.Y. Dec. 4, 2012) (holding that denial of a single meal "falls far short of a 'substantial deprivation of food' and does not rise to the level of a constitutional deprivation." (quoting *Robles*, 725 F.2d at 15)).

7

Nor does the Complaint allege any facts from which the Court could reasonably find the mens rea prong is met under either the Eighth Amendment's "culpable intent" standard or the Fourteenth Amendment's "knew or should have known" standard. To the contrary, as the exhibit annexed to the Complaint demonstrates, Morrow's grievance was accepted, and the Jail acknowledged the kitchen error on that occasion and represented that immediate corrective action would be taken should Morrow again find himself without a meal. (ECF No. 1 at 6.) Notably, Morrow's Complaint is dated April 14, 2025, suggesting that Morrow has not had any further issues with his meals after the March 16, 2025 incident described therein. (*Id.*, *in toto*.)

## II.    State Law Claims

A district court "may decline to exercise supplemental jurisdiction over a claim . . . [where it] has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Chinniah v. FERC*, 62 F.4th 700, 703 (2d Cir. 2023). Having dismissed Morrow's federal claims for the reasons set forth above, the Court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring) (the Second Circuit "takes a very strong position that state issues should be decided by state courts.").

Thus, any state law claims that may be liberally construed from Morrow's allegations in the Complaint are dismissed without prejudice and with leave to replead in state court.

## III.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."

*Shomo v. Cty. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). Upon careful consideration, the Court grants Morrow leave to file an amended complaint to afford him an opportunity to allege a plausible claim. If Morrow chooses to amend his Complaint, he shall: (1) do so within thirty (30) days from the date of this Memorandum and Order; (2) clearly label it "Amended Complaint"; and (3) include the same docket number as this Order, No. 25-cv-2364. Morrow must include those individuals who were allegedly involved in the deprivation of his federal rights as defendants in the caption and in the statement of claim. If Morrow does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. Further, Morrow is reminded to review the Court's guidance set forth above concerning the requirements to allege facts supporting plausible claims against his conditions of confinement. (*See supra* at I.) Morrow is cautioned that the amended complaint will completely replace, not supplement, the original complaint, so any facts or claims that Morrow wants to include from the original complaint must be repeated in the amended complaint. If Morrow does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed. Alternatively, Morrow may pursue any valid claims he may have, including negligence, against the Defendants in state court.

**CONCLUSION**

For the reasons stated above, this Court grants Morrow's motion to proceed IFP (ECF No. 2) and dismisses his Complaint (ECF No. 1) without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) and with leave to file an amended complaint.

The Clerk of the Court shall mail a copy of this Order to Morrow at his address of record in an envelope marked "Legal Mail" and shall note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
        July 17, 2025


                                        /s/ Nusrat J. Choudhury
                                    NUSRAT J. CHOUDHURY
                                    United States District Judge